21510. HOUSE, INC. v. GEORGIA PUBLIC SERVICE COMMISSION *et al.*

DUCKWORTH, Chief Justice. The exception is to a judgment denying an interlocutory injunction to restrain the Georgia Public Service Commission from enforcing its order cancelling a Certificate of Convenience and Necessity. The evidence shows without dispute that the holder of the certificate allowed its liability insurance to be cancelled on September 1, 1960, and operated without liability insurance coverage until October 26, 1960, during which period his certificate was suspended, the new insurance coverage not being filed with the Commission until November 3, 1960. There was evidence that the Commission mailed to the holder of the certificate at its address notice of such cancellation, the same being a rule nisi issued on August 5, 1960, returnable to September 5, 1960, to show cause why the certificate should not be suspended for allowing public liability insurance to be cancelled, and on this date the certificate was suspended. The only explanation given by the President of the Company for this violation was that he was sick and overlooked it. The foregoing is sufficient to authorize the cancellation of the certificate under *Code* § 68-607 (Ga. L. 1931, p. 199), and the trial judge did not err in refusing to grant the interlocutory injunction as prayed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 17, 1962—DECIDED FEBRUARY 9, 1962.

*Charlie Franco,* for plaintiff in error.
*Eugene Cook, Attorney-General, Paul Rodgers, Assistant Attorney-General,* contra.